PATRICK J. WALSH, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL.

Argued June 3, 1908—Decided November 9, 1908.

1. When a public improvement is made without notice, actual or constructive, to the owner of land specially benefited thereby, of the intention to make such improvement, he cannot be assessed for special benefits unless by some act he has waived his legal right to a hearing.
2. Where the proceedings of the municipal authorities plainly indicate that the improvement is intended to be made at public expense, and no assessment for special benefits is contemplated, the fact that the landowner stood by and saw the improvement being made is no waiver of his right to be heard, or to notice of the contemplated improvement, if he is to be assessed for benefits, for under such circumstances the municipality would be estopped from charging laches.

On application for *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Riker & Riker.*

For the defendants, *Francis Child, Jr.*

The opinion of the court was delivered by

BERGEN, J. This is an application for a writ of *certiorari* based upon the following facts: Vailsburg was annexed to Newark January 1st, 1905. The prosecutor's land is located in what was Vailsburg, and it has now been assessed by the municipal authorities of the city of Newark under proceedings taken since the annexation, for benefits accruing from a public sewer constructed by Vailsburg before annexation. The proceedings by the authorities of Vailsburg were as follows: An ordinance was passed December 9th, 1903, for the establishment of a joint system of sewerage, according to which all sewers should be constructed within the limits of

Vailsburg and connected with the joint outlet. Under the ordinance lateral sewers were constructed, and Vailsburg issued its bonds to defray the expense. A sinking fund was created to provide for the bonds, and a portion of the fund had been raised by taxation in Vailsburg before annexation. The terms of the annexation required the city of Newark to pay the bonded indebtedness of Vailsburg.

In 1903 the authorities of Vailsburg called a public meeting of the citizens to consider the question of constructing the lateral system of sewers, and at that meeting the unanimous opinion expressed was that the system should be constructed at the expense of the borough, and that no assessment should be made for benefits arising from the improvement. After this public meeting an ordinance was introduced and passed by the legislative body of Vailsburg providing for the construction of the lateral sewers. No notice of the intention to make said improvement, or to adopt an ordinance looking to that end, was ever given to the prosecutor, or to any of the citizens of Vailsburg liable to be assessed for benefits. The lateral sewers were constructed in 1904, the municipal authorities of Vailsburg issued its bonds, sold them, and out of the proceeds paid the cost of the improvement. In 1904 the tax levy contained the amount necessary to pay the interest on the bonds, and also $2,000 on account of the principal thereof. After the improvement had been made and paid for out of the proceeds of the sale of its bonds, and after Vailsburg had been annexed to the city of Newark, an act was passed by the legislature of this state (*Pamph. L.* 1905, *p.* 414) declaring, in substance, that whenever municipalities or portions thereof have been annexed to, or consolidated with, any other city, and any local improvement or improvements have been or shall be made in and by any such municipality so annexed, prior to such annexation or consolidation, for or on account of which no assessment has been or shall be made upon the property in such municipality peculiarly benefited thereby, it shall be lawful for the proper local authorities of the city to which any such municipality is or shall be annexed, to make an assessment upon all property peculiarly benefited by such

improvement. It is under this act that the assessment was levied upon the property of the prosecutor for the improvement above set out, which assessment it is sought to review by the writ now prayed for.

The situation, concisely stated, is this: The borough of Vailsburg, by an ordinance, determined to build certain sewers. No notice was given to the prosecutor of the intention to adopt the ordinance, other than such as may be implied from the public meeting called by the authorities of Vailsburg at which the question was discussed whether the sewers should be built at public expense or not, and where the persons present expressed the unanimous opinion that it should be done at public cost. Following the adoption of the ordinance the improvement was made, the bonds of the city issued to pay for it and no attempt made by the authorities of the borough of Vailsburg to levy any assessments for benefits, the conduct of the municipal authorities of Vailsburg plainly indicating that no specific assessments against property for sewer benefits was contemplated. Under these circumstances after the annexation, and the assumption by the city of Newark of the bonds issued to pay for the cost of the improvement, the city seeks, under the act of 1905, to assess the property of the prosecutor for alleged benefits arising from the improvement.

We think that the law is well settled in this state that the owners of property liable to assessment for a public improvement are entitled to either constructive or actual notice of the date and place when and where they may be heard before the improvement is determined upon or made. In our judgment the public meeting did not amount to notice of an intention to pass an ordinance that might cast a burden upon the prosecutor; on the contrary, the action of the common council of Vailsburg in the adoption of the ordinance without notice, the making of the contract, the issuing of bonds for the payment of the whole cost, indicates that no assessment against the prosecutor was contemplated. The proceedings of the borough council of Vailsburg do not show any notice of intention to adopt the ordinance, nor is there proof that

any was given, and under the rule in this state where an improvement is made without notice to the landowner who may be liable to an assessment, he has been deprived of his constitutional right to be heard which subsequent legislation cannot cure. Nor can it be said that this prosecutor stood by and saw an improvement made for which he was likely to be assessed without protest, so as to waive his objection, because the case shows that he was led to believe that the general scheme of improvement was to be made at public expense, and that no assessment would be levied against him, and the municipality would now be estopped from charging him with laches. For these reasons we think that the writ ought to go, and it will be allowed.